IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROLAND DOMINGUEZ,

      Plaintiff,

v.                                                                            No. CIV 1:21-1029 RB/SCY

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, and
MUNIZ-REY AGENCY, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Roland Dominguez was involved in a motor vehicle accident with an underinsured driver in 2012. Dominguez's vehicle was insured under a policy issued by Defendant Allstate Fire and Casualty Insurance Company, which included uninsured/underinsured (UM/UIM) motorist coverage. Dominguez settled his claim against the tortfeasor and made a demand for UIM coverage from Allstate. Allstate investigated and offered Dominguez $2,000. Dominguez believed that this offer undervalued his damages and was not made in good faith, and he demanded arbitration. Allstate requested and received an Independent Medical Examination (IME). Dominguez asserts that Allstate ignored the IME results, which stated that his injuries were caused by the accident.

The parties engaged in mediation in 2018 and settled Dominguez's UIM claim. Dominguez filed a lawsuit in state court on August 18, 2021, and Defendants removed it to this Court. Defendants move for summary judgment and argue that Dominguez's claims are barred by the relevant statutes of limitations or by the doctrine of accord and satisfaction. The Court agrees that Dominguez's claims are barred and will dismiss them with prejudice.

I.      **Statement of Facts**

Dominguez was the Named Insured on an automobile insurance policy issued by Allstate, which included $25,000 stackable UIM coverage for each of his four vehicles. (Doc. 1-1 (Compl.) ¶ 21.) On August 13, 2012, Dominguez was involved in a motor vehicle accident. (*Id.* ¶ 16.) With Allstate's consent, Dominguez settled his claims with the driver "for the policy limits available to him of $25,000." (*Id.* ¶ 23.)

Because Dominguez's damages exceeded the settlement he received from the driver, he made a demand on January 8, 2014, for UIM coverage under his Allstate policy. (*Id.* ¶¶ 25–26.) On February 19, 2015, Allstate had Anthony C. Theiler, MD review Dominguez's medical records and provide an opinion. (*Id.* ¶ 28.) Theiler opined that "the medical documentation supports a causal relationship between the accident and a probable mild cervical sprain/strain." (*Id.* ¶ 31.) On March 3, 2015, Allstate offered Dominguez $2,000. (*Id.* ¶¶ 29, 70.)

Dominguez asserted in his Complaint that upon receipt of this offer on March 3, 2015, he "discovered" that "Defendants [had] breached their fiduciary and common law duties [owed] to [him] by failing to effectuate [his] expectation of coverage . . . ." (*Id.* ¶ 70.) Consequently, Dominguez sought arbitration. (*Id.* ¶ 32; *see also* Doc. 29-A.) Prior to arbitration, Allstate requested an IME through Paul Legant, MD. (Compl. ¶ 34.) On May 16, 2017, Allstate provided Dominguez with Legant's opinion letter, which was dated October 19, 2016. (*Id.* ¶ 71.) Legant found that Dominguez's "subjective complaints are supported by objective findings based on the exam and that the documentation supported a causal relationship between the collision and the injury sustained." (*Id.* ¶ 35 (quotation marks omitted).) Dominguez stated in his Complaint that Allstate "continued to ignore the facts, circumstances and clear physical and documented medical evidence and failed to properly and reasonably" evaluate his damages. (*Id.* ¶ 38.) He asserted that

2

this letter shows that "Defendants further breached their fiduciary and common law duties . . . by failing to effectuate [his] expectation of coverage . . . ." (*Id.* ¶ 71.)

In 2018, the parties engaged in mediation and settled Dominguez's UIM claims prior to arbitration. (Doc. 29 ¶ 9 (citing Doc. 29-B).) Both parties were represented by counsel. (*See* Doc. 29-B.) On August 22, 2018, Dominguez's attorney sent an email that confirmed the parties' mediation was successful:

> My client accepts the $85,000 offer less the offset, for a total of $60,000 for his UIM [motor vehicle accident] claim only. . . . [M]y client is not waiving any of his rights to pursue a bad faith claim, or any other rights he has under his insurance contract or in law or equity.

(Doc. 29-C.)

On August 18, 2021, Dominguez filed a lawsuit in state court. (*See* Compl.) Defendants removed the matter to this Court on October 22, 2021. (Doc. 1.) Dominguez brings six claims: (I) violation of the Unfair Trade Practices Act (UPA), N.M. Stat. Ann. §§ 57-12-1–26; (II) violation of the Trade Practices and Frauds Act (TPFA) and the Insurance Code, N.M. Stat. Ann. §§ 59A-16-1–30 and 59A-5-26(C)(2)(a)–(b); (III) negligence and breach of fiduciary duty under the TPFA and New Mexico common law; (IV) breach of the duty of good faith and fair dealing under New Mexico common law; (V) breach of contract under New Mexico common law; (VI) punitive damages.[1] (*See* Compl.) Defendants move for summary judgment on the basis that Dominguez's claims are either time-barred or barred by the doctrine of accord and satisfaction. (Doc. 29.)

---

[1] The Court agrees with Defendants that "[a] claim for punitive damages is not a standalone cause of action." (Doc. 29 at 4 n.1 (citing *Sanchez v. Clayton*, 877 P.2d 567, 573 (N.M. 1994) (explaining that a party "must establish a cause of action before punitive damages can be awarded"); *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case.")).)

## II. Summary Judgment Standard of Review

"Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Halley v. Huckaby*, 902 F.3d 1136, 1143 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1347 (2019) (citing *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018)). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id.* "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'" *Tanner v. San Juan Cnty. Sheriff's Off.*, 864 F. Supp. 2d 1090, 1106 (D.N.M. 2012) (quoting *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991)) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the movant meets this burden, rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256). A party cannot "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Id.* at 1107 (quotation and citation omitted). Instead, the non-moving party must come forward with "sufficient evidence on which the factfinder could reasonably find" in their favor. *Id.* (citations omitted). Evidence that is "merely colorable," *Anderson*, 477 U.S. at 249, or consists only of "[u]nsubstantiated allegations[,]" *McCoy*, 887 F.3d at 1044, is insufficient.

## III. Analysis

### A. Dominguez stipulates to the dismissal of Counts I–III, and Defendants may file a new motion and affidavit regarding attorney fees and costs.

Dominguez admits that Counts I, II, and III, all statutory causes of action, are subject to a four-year statute of limitations. (*See* Doc. 35 at 1.) *See also* N.M. Stat. Ann. § 37-1-4; *Nance v.*

4

*L.J. Dolloff Assoc.*, 126 P.3d 1215, 1220 (N.M. Ct. App. 2005) (applying four-year statute of limitations to claims under N.M. Stat. Ann. §§ 57-12-1–22 and 59A-16-1–30). He asserts that because he "discovered his bad faith claim in May of 2017 after receiving" Legant's opinion letter, these claims are time-barred since he did not file his lawsuit until August 2021. (*See* Doc. 35 at 1.)

Defendants respond that "[b]ecause there was no arguable basis in law or fact to support Plaintiff's clearly time-barred causes of action, Allstate is entitled to recover its defense costs." (Doc. 39 at 10 (citing N.M. Stat. Ann. § 57-12-10(C)).) Dominguez brings only Count I under the UPA, N.M. Stat. Ann. §§ 57-12-1–26. (Compl. ¶¶ 45–53.) He brings Counts II and III under the TPFA, N.M. Stat. Ann. §§ 59A-16-1–30. (*See* Compl. ¶¶ 45–71.) The UPA provides that "[t]he court **shall** award attorney fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action that was groundless." N.M. Stat. Ann. ¶ 57-12-10(C) (emphasis added). The TPFA provides that "[c]osts **shall** be allowed to the prevailing party unless the court otherwise directs" and "[t]he court **may** award attorneys' fees to the prevailing party if . . . the party complaining of the violation of that article has brought an action that he knew to be groundless . . . ." N.M. Stat. Ann. § 59A-16-30(A) (emphasis added).

Because Defendants did not cite the TPFA provision in their reply brief and because Dominguez did not have an opportunity to respond, the Court will deny without prejudice Defendants' request for fees and costs at this time. Defendants may file a separate motion for attorneys' fees and costs no later than 14 days after the filing of this Opinion. Defendants shall include an affidavit detailing the reasonable fees and costs they claim. Dominguez may file a response brief within 14 days of the motion, and Defendants may file a reply brief within 7 days of the response.

**B. The statute of limitations bars Dominguez's contractual claims.**

The parties agree that Counts IV–VI, which are based on the insurance policy, are subject to the six-year statute of limitations for breach of contract claims. (*See* Docs. 35 at 1; 39 at 1.) *See also Brooks v. State Farm Ins. Co.*, 154 P.3d 697, 699 (N.M. Ct. App. 2007) ("the six-year statute of limitations for contract actions applies to UM[/UIM] claims") (citation omitted). "Under the discovery rule, the statute of limitations begins to run when the plaintiff knows[,] or[ ] with reasonable diligence should know, of his injury and its cause." *Gerke v. Romero*, 237 P.3d 111, 115 (N.M. Ct. App. 2010) (citing *Roberts v. Sw. Cmty. Health Servs.*, 837 P.2d 442, 449–50 (N.M. 1992)). Thus, New Mexico courts hold that the six-year limitation period for insurance claims "begins to accrue when the insurance contract is breached." *Brooks*, 154 P.3d at 700. The parties disagree about when Dominguez knew or should have known of Allstate's alleged breach.

Defendants argue that Dominguez had knowledge of the potential breach on March 3, 2015. (Doc. 29 at 8.) Dominguez, with the assistance of counsel, asserted in his Complaint that on March 3, 2015, he "discovered" that "Defendants breached their fiduciary and common law duties to [him] by failing to effectuate [his] expectation of coverage" when he received Theiler's opinion letter and the $2,000 offer. (Compl. ¶ 70.) As he did not file suit until August 2021, Defendants argue that his claims are time-barred. (Doc. 29 at 8.)

Dominguez asserts that he discovered Allstate's alleged bad faith and his claims accrued on May 16, 2017, when he received Legant's opinion letter, making his lawsuit timely. (Doc. 35 at 1; 35-A.) He asserts that "until the time [he] received the actual report of Dr. Legant, [he] was unaware that Allstate did not have a reasonable and legitimate basis for the valuation of [his] claim for Underinsured Motorist Benefits." (Doc. 35-A ¶ 6.) Defendants argue that the Court should disregard Dominguez's affidavit for two reasons.

6

First, they argue that the affidavit explicitly contradicts the judicial admission Dominguez made in his Complaint regarding his March 3, 2015 "discovery" of the alleged breach. (*See* Doc. 39 at 4–5 (citing Compl. ¶ 70).) "[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." *Grynberg v. Bar S Servs., Inc.*, 527 F. App'x 736, 739 (10th Cir. 2013) (quotation omitted). "Judicial admissions are formal admissions . . . which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (quotation omitted).

Second, they argue that Dominguez has improperly "focus[ed] on the date that [he] subsequently learned of additional, potentially-recoverable damages, rather than the date [he] admitted he was aware of the facts giving rise to his claims." (Doc. 39 at 6.) Under New Mexico law, the statute of limitations "time period begins to run when the claimant has knowledge of sufficient facts to constitute a cause of action[,]" it "is not tolled because a claimant does not have knowledge of the full extent of injury . . . ." *Yurcic v. City of Gallup*, 298 P.3d 500, 503 (N.M. Ct. App. 2013) (quoting *Gerke*, 237 P.3d at 115). Defendants contend that Dominguez had knowledge of sufficient facts to constitute an action for breach in March 2015 when Allstate made its first offer on his UIM claim. (*See* Doc. 39 at 7.) Allstate's March 2015 offer to settle for $2,000 was so far below what Dominguez valued his damages at, that his response was to demand arbitration. (*See id.*; *see also* Compl. ¶ 32; Doc. 29-A.) In *Brooks*, the plaintiffs claimed that the insurance company's refusal to arbitrate was a breach of the insurance contract. *See* 154 P.3d at 700. Thus, the court took special note of when the plaintiffs demanded arbitration. *Id.* at 703. Here, Dominguez alleges that Defendants breached their duties to him under the insurance policy when they "fail[ed] to effectuate [his] expectation of coverage . . . ." (Compl. ¶ 70.) He first received notice of this alleged breach when Allstate offered him $2,000 for his UIM claim, which was

7

clearly so far afield from his own valuation of his damages that he responded by demanding arbitration. (*See id.* ¶ 32; Doc. 29-A.) The Court agrees that on the date of Allstate's $2,000 offer, Dominguez had knowledge of facts that "would cause a reasonable person to make an inquiry leading to the discovery of the concealed cause of action." *See Gerke*, 237 P.3d at 115 (quotation omitted).

In *Gerke*, for example, the plaintiff sued based on injuries he sustained from mold poisoning. *Id.* at 369–70. He argued that his claim did not accrue until he received a formal medical diagnosis for mold poisoning. *Id.* at 371. The New Mexico Court of Appeals disagreed and found that once the plaintiff "experience[d] physical symptoms that would cause an ordinary person to make an inquiry about the discovery of the cause of the symptoms, that is the point at which" his claims accrued. *Id.* at 372 (citation omitted). Here, Allstate's lowball $2,000 offer put Dominguez on notice that the company was not fairly and reasonably processing his claim in good faith. Dominguez admitted as much in his Complaint. (Compl. ¶ 70.) The fact that he received *further* information supporting his potential claims in May 2017 upon receipt of the IME does not toll the statute of limitations. *See Gerke*, 237 P.3d at 371. Dominguez's own assertions support this finding, as he stated in his Complaint that the May 2017 letter shows that "Defendants **further** breached their fiduciary and common law duties . . . by failing to effectuate [his] expectation of coverage . . . ." (*Id.* ¶ 71 (emphasis added).) The Court agrees that Dominguez's policy-based claims (Counts IV–VI) accrued in March 2015. Because he did not file suit until August 2021, his claims are barred by the six-year statute of limitations.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 29) is **GRANTED in part** and Dominguez's Complaint is dismissed with prejudice;

8

**IT IS FURTHER ORDERED** that Defendants' request for attorneys' fees and costs is **DENIED without prejudice**. Defendants may submit a separate motion for attorneys' fees and costs no later than 14 days after the filing of this Opinion, with the response brief due 14 days after the motion and the reply brief due 7 days after the response.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE